UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-64-EBA

RANDY BURNETTE and
CHARLENE BURNETTE,                                                              PLAINTIFFS,

V.                           **MEMORANDUM OPINION
                                  & ORDER**

CSX TRANSPORTATION, INC.,                                                    DEFENDANT/
                                                                   THIRD-PARTY PLAINTIFF

V.

TERRY YOUNG and                                               THIRD-PARTY DEFENDANTS
PENNY YOUNG


# I. INTRODUCTION

This matter is before the undersigned on the Motion for Summary Judgment [R. 66] filed by Third-Party Plaintiff CSX Transportation, Inc (hereinafter "CSXT"). The matter being fully briefed, and for the reasons stated, the Motion for Summary Judgment will be granted.

# II. BACKGROUND

CSXT set forth the relevant facts in the Motion for Summary Judgment. [R. 66]. The Third-Party Defendants "do not have any disagreement" with the facts as stated in the motion. [R. 71 at 1]. Therefore, the Court adopts and incorporates the statement of facts as set forth in CSXT's Motion for Summary Judgment. [R. 66 at 1-5].

# III. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In order to avoid summary judgment, the non-moving party must generally come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, in a case where the motion is unopposed, the Court may not automatically grant the motion. Rather, "[i]f the opposing party does not [] respond, summary judgment should, *if appropriate*, be entered against that party." Fed. R. Civ. P. 56(e) (emphasis added). Therefore, the Court is still required to determine whether the movant is entitled to judgment as a matter of law. Turner v. General Motors Corp., 23 Fed. Appx. 415, 416-17 (6th Cir. 2001).

## IV. ANALYSIS

The Court has reviewed the Motion for Summary Judgment, and has determined that judgment should be entered in favor of Third-Party Plaintiff CSXT. The undisputed facts of the case demonstrate that the Third-Party Defendants have encroached upon CSXT's railway easement. The Third-Party Defendants admit that, based upon an incorrect survey, they constructed a building and concrete patio that lie within CSXT's railway easement. [R. 71 at 2]. Therefore, as a matter of law, CSXT is clearly entitled to judgment against the Third-Party Defendants.

The parties disagree, however, on the appropriate remedy for the Third-Party Defendants' actions. CSXT's Third-Party Complaint seeks permanent injunctive relief against the Third-Party Defendants, and demands removal of any portion of the building and patio that are on CSXT's right

of way. [R. 13 at 6; see also, R. 76 at 2]. The Third-Party Defendants request that they be granted 120 days to remove the building from the right of way; they also request that the patio be allowed to remain on CSXT's right of way, as it "does not impose a material impairment." [R. 71, Attach. 1 at 1-2].

CSXT seeks a permanent injunction against the Third-Party Defendants, in addition to requesting that existing structures be removed or modified. See Cumberland Tel. & Tel. Co. v. Barnes, 101 S.W. 301, 302 (Ky. App. 1907). Injunctions are "extraordinary remedies which will not be granted except upon a clear showing of an existing equitable right." La Vielle v. Seay, 412 S.W.2d 587, 591 (Ky. 1966). The Court will hold a hearing in this matter in order to assure that appropriate relief is granted, and that any relief granted is not unnecessarily burdensome or overly broad.

## V. CONCLUSION

Having considered the matter fully, and for the reasons stated above,

IT IS ORDERED AS FOLLOWS:

(1) The Third-Party Plaintiff's Motion for Summary Judgment [R. 66] is GRANTED as to the issue of liability;

(2) The bench trial, set for August 9, 2010, in Pikeville, Kentucky [R. 60], is CONVERTED into a hearing on the issue of what relief should be granted to CSXT;

Signed July 14, 2010.



Signed By:
*Edward B. Atkins*  EBA
**United States Magistrate Judge**